IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARGARITA RODRIGUEZ VASQUEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | EP-13-CV-251<br>EP-10-CR-3259-KC-1 |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

## ORDER

On this day, the Court considered Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Supreme Court Ruling in *Alleyne v. United States* (No. 11-9335) June 11, 2013 (the "Motion"), ECF No. 38.[1] By the Motion, Petitioner challenges the validity of her criminal sentence pursuant to 28 U.S.C. § 2255. *See id*. at 1. For the following reasons, the Court **DENIES** the Motion.

I.   **BACKGROUND**

On December 21, 2010, a grand jury charged Petitioner in a two-count indictment (the "Indictment"), ECF No. 10, with one count of importation of a controlled substance and one count of possession of a controlled substance with intent to distribute. *See* Indictment 1-2.

Petitioner and the Government then entered into a plea agreement (the "Plea Agreement"), ECF No. 27, pursuant to which Petitioner agreed to plead guilty to the importation count of the Indictment. Plea Agreement 1. In exchange, the Government agreed to move to dismiss the remaining possession count. *Id*.

---

[1] For the purposes of this Order, all docket entries refer to the criminal case EP-09-CR-3259-KC-1 (the "Case").

Petitioner pleaded guilty to the importation count on April 6, 2011. *See* ECF Nos. 28, 29, 31. On July 19, 2011, this Court sentenced Petitioner to fifty-seven months imprisonment, three years non-reporting supervised release, and a $100 special assessment. *See* ECF No. 35, at 2. On the Government's motion, the Court dismissed the possession count of the Indictment. *See id.* at at 1. The Court entered judgment in the Case (the "Judgment"), ECF No. 36, on July 25, 2011. Petitioner did not appeal.

Petitioner filed the Motion on August 8, 2013. *See* Mot. The Government filed its response (the "Response"), ECF No. 41, on October 11, 2013. Petitioner did not file a reply.

## II.   DISCUSSION

### A.   Standard

28 U.S.C. § 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

After a petitioner has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Accordingly, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37

F.3d 1131, 1133 (5th Cir. 1994)). Typically, before a court will grant relief pursuant to § 2255, the petitioner must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a petitioner must either: (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). The cause and actual prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet*, 81 F.3d at 589. If the petitioner does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992). This procedural bar does not apply, however, to claims alleging ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 508 (2003).

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions. U.S. Const. amend. VI. Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate

record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5. To obtain relief on an ineffective assistance of counsel claim, a petitioner must demonstrate both (1) that his "counsel's performance was deficient[,]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A failure to establish either prong of this test requires a court to find that counsel's performance was effective. *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

The test's performance prong centers on whether counsel's assistance was reasonable in light of all the circumstances at the time of counsel's conduct. *See Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). In order to obtain relief, a petitioner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In assessing whether a particular attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

A deficiency in counsel's performance, even if professionally unreasonable, does not necessarily equal ineffective assistance of counsel; the petitioner must also demonstrate actual prejudice. *See id.* at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). The test's prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Because Petitioner appears pro se, the Motion is "entitled to a liberal construction that includes all reasonable inferences which can be drawn from" it. *United States v. Peralta-Ramirez*, Criminal No. H-04-0150-06, Civil Action No. H-07-4582, 2008 WL 4630369, at *2 (S.D. Tex. Oct. 16, 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997)). However, even a pro se litigant must provide sufficient facts in support of his or her claims; "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *accord Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

**B.     Analysis**

Petitioner was represented by an attorney ("Counsel")[2] throughout the relevant stages of

---

[2] The Court appointed a federal public defender to represent Petitioner on December 9, 2010. *See* ECF Nos. 4, 5. Petitioner then retained a private attorney, who filed an entry of appearance and a motion to substitute on December 13, 2010. *See* ECF No. 6. The Court uses the term "Counsel" generically to refer to whichever attorney represented Petitioner at the relevant stage of the Case.

the Case. Petitioner claims that Counsel rendered ineffective assistance by failing to inform her that, under *Alleyne v. United States*, --- U.S. ----, 133 S.Ct. 2151 (2013), any fact that increases the mandatory minimum sentence to which a defendant is subjected is an element of the crime that ordinarily must be submitted to the jury and proven beyond a reasonable doubt. *See* Mot. 3. Petitioner therefore argues that "when she was told by her lawyer, the judge and the prosecutor, that her requisite statutory predicates were not elements of the crime [with] which she was charged, she received critically incorrect legal advice." *Id*.

In addition to her ineffective assistance claim, Petitioner also directly challenges her sentence under *Alleyne*.[3] *See id*. at 2-3. Specifically, Petitioner argues that her guilty plea was invalid because "at the time of the plea, neither the accused, nor her counsel, nor the district court correctly understood the essential elements of the crime with which she was charged." *Id*. at 3.

In *Alleyne*, the Supreme Court reconsidered its prior decision in *Harris v. United States*, 536 U.S. 545 (2002), in which the Court "held that judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment." *Alleyne*, 133 S.Ct. at 2155. The *Alleyne* Court overruled *Harris* and decided that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt . . . It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id*.

The Supreme Court decided *Alleyne* nearly two years after this Court entered the Judgment in the Case. *Alleyne* is not retroactively applicable to ineffective assistance claims or

---

[3] The Court need not decide whether Petitioner's direct challenge to her sentence is procedurally barred because her arguments based on *Alleyne* are meritless. Nor must the Court decide whether Petitioner's direct challenge is barred by the collateral attack waiver in the Plea Agreement. *See* Plea Agreement 4-5.

direct challenges brought in the context of a § 2255 motion. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *United States v. Stafford*, Criminal Action No. 10–329, 2014 WL 1117874, at *2 (E.D. La. Mar. 19, 2014); *Bruteyn v. United States*, Nos. 3:13–CV–1465–M–BK, 3:09–CR–136–M(01), 2014 WL 1022580, at *5 (N.D. Tex. Mar. 14, 2014); *Reza v. United States*, Nos. A–13–CA–856–SS, A–12–CR–216(1)–SS, 2014 WL 978471, at *4 (W.D. Tex. Mar. 12, 2014); *Porter v. United States*, Nos. 3:13–CV–4773–D, 3:10–CR–206–D–12, 2014 WL 803666, at *2 (N.D. Tex. Feb. 28, 2014); *United States v. England*, Civil Action No. 98–158–004, 2014 WL 507383, at *1 (E.D. La. Feb. 6, 2014); *United States v. Coach*, Nos. 4:13–CV–881–A, 4:11–CR–061–A, 2014 WL 351645, at *7 (N.D. Tex. Jan. 27, 2014). As a result, Petitioner's challenges based on *Alleyne* fail. Because Petitioner raises no other challenges to her sentence, *see* Mot. 1-4, the Court denies the Motion.[4]

### C. Evidentiary Hearing

28 U.S.C. § 2255(b) provides that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

For the reasons discussed above, the Motion and the files and records of the Case amply demonstrate that Petitioner is entitled to no relief, so no evidentiary hearing is necessary to rule on the Motion. *See Davis v. United States*, Nos. 3:07-CV-1995-P; 3:01-CR-0323-P (03), 2009 WL 3488052, at *9 (N.D. Tex. Oct. 28, 2009); *Peralta-Ramirez*, 2008 WL 4630369, at *11.

### D. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, Petitioner must obtain a certificate of appealability before

---

[4] Though the Motion may also be untimely because it was filed more than a year after Petitioner's conviction became final, the Court need not reach that issue to dispose of the Motion. *See* Resp. 2-6; 28 U.S.C. § 2255(f).

appealing this Order. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336. "A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument." *Peralta-Ramirez*, 2008 WL 4630369, at *12 (citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)).

For the reasons described above, "jurists of reason would not debate whether [Petitioner] has stated a valid claim." *See id*. As a result, the Court sua sponte denies Petitioner a certificate of appealability. *See id*.

### III. CONCLUSION

It is therefore **ORDERED** that the Motion, ECF No. 38, EP-10-CR-3259-KC-1, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the corresponding civil action, EP-13-CV-251-KC, is hereby **DISMISSED WITH PREJUDICE**. The Clerk shall close the case. The Court shall issue a final judgment separately.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

**SIGNED this 9th day of May, 2014.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE